IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:01CR75 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| JESUS PALOS CORTEZ, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (§ 2255) filed by the defendant Jesus Palos Cortez. (Filing No. 56).

## FACTUAL BACKGROUND

In defendant's § 2255 motion he alleged the following claims:

(1) There has never existed any basis for federal jurisdiction in this case;

(2) The defendant received ineffective assistance of counsel when his attorney failed to object in the absence of federal jurisdiction to try the defendant, failed to challenge the existence of the alleged conspiracy, and failed to move for defendant's alleged participation in the conspiracy, and failed to move for exclusion of false statements by Alex Lopez, a witness to the alleged conspiracy; and

(3) There existed no evidentiary basis for the charge of conspiracy.

This court addressed these claims in its Order to Show Cause issued on June 10, 2004 (Filing No. 63), finding that the Eighth Circuit had already decided defendant's first and third claims adversely to him, and this court would not reconsider them. With respect to defendant's second claim of ineffective assistance of counsel, this court found that the claim lacked merit. Because the defendant claimed he had not received the government's

answer to his motion, this court did not enter judgment against defendant; rather, it gave the defendant an opportunity to review the government's answer and provide the court with any reason why judgment should not be entered against him.

On August 23, 2004, the defendant filed his response to the Order to Show Cause. (Filing No. 73.) In his response defendant raised the following claims:

(1)  This court did not have jurisdiction over his case.

(2)  His plea agreement was invalid because the judge never explained that he could not withdraw his plea if the judge did not sentence him to the agreed upon sentence.

(3)  His sentence was unconstitutional based on the decision in United States v. Booker, 125 S. Ct. 738 (2005).

## DISCUSSION

As to defendant's first claim, this court already explained in its Order to Show Cause that the Eighth Circuit decided adversely to defendant on appeal and this court will not reconsider this matter. Claims which were raised and decided on direct appeal cannot be relitigated in a motion to vacate pursuant to § 2255. *See,* e.g., Bear Stops v. United States, 339 F.3d 777, 780 (8th Cir. 2000); United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001).

Upon a review of the record in this case, the defendant's second claim that the plea agreement is invalid lacks merit. In the defendant's plea agreement, defendant acknowledged that he was aware that the sentence he would receive was solely a matter for the judge to decide. (Filing No. 22.) Moreover, the Assistant United States Attorney clearly outlined the range of sentence that the defendant could receive upon pleading guilty to Count I of the indictment. And in fact, this court sentenced defendant to the minimum sentence possible for the offense. Defendant entered into the plea agreement voluntarily

and with the aid of counsel.  For theses reasons, no basis exists in the record on which the plea agreement could be characterized as deficient.

Finally, to the extent defendant's claim is based on the decision in United States v. Booker, 125 S. Ct. 738 (2005), this claim is denied because his conviction was final before the Booker decision was announced, and the "new rule" announced in Booker does not apply to criminal convictions that became final before the rule was announced.  Never Misses a Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005).

IT IS ORDERED:

1.  Defendant's "Motion Under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Filing No. 56) is denied.

2.  A separate Judgment will be issued; and

3.  The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

DATED this 25th day of October, 2005.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
UNITED STATES DISTRICT JUDGE